Filed 11/26/13  P. v. Fautner CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

THE PEOPLE,

    Plaintiff and Respondent,

v.

JULIEN FAUTNER,

    Defendant and Appellant.

E058591

(Super.Ct.No. FVI1202342)

OPINION

APPEAL from the Superior Court of San Bernardino County.  John M. Tomberlin, Judge.  Affirmed.

D. Inder Comar, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Defendant and Appellant.

1

A jury found defendant and appellant Julien Fautner guilty of first degree residential burglary. (Pen. Code, § 459.) A trial court found unusual circumstances and placed defendant on probation for a period of five years, under specified conditions, including the condition that he serve 365 days in county jail with credit for time served.

Defendant filed a timely notice of appeal. We affirm.

FACTUAL BACKGROUND

The victim lived in apartment No. 25 in the Culebra Apartments in Victorville. Defendant lived in the apartment next door. The victim rented a flat screen television in May 2012. At the time the television was delivered, defendant and his friend were over at the victim's apartment. When defendant saw the television, he commented that it was a "nice TV."

The victim left to visit a friend for approximately one week—from May 31, 2012 to June 5, 2012. To the best of her recollection, she locked the front door when she left.

On the morning of June 2, 2012, Joseph Quintana opened the blinds on his front window. The front of his apartment faced the apartment building that the victim lived in, and he could see the front door of the victim's apartment. That morning, he saw defendant and another young man walk into the victim's apartment. Once they were inside the apartment, they closed the door behind them. Quintana walked away from the window and then came back a few minutes later. He was about to close his blinds when he saw defendant and his cohort come out of the victim's apartment holding a television. They carried the television out of the apartment, closed the door, and walked out of the

2

apartment complex with the television. Quintana reported what he observed to the police.

When the victim returned home on June 5, 2012, she went straight to her bedroom. She immediately noticed that her flat screen television was missing. She observed that some coins that she kept in a bottle were missing. She further noticed that there was some grass by the window and a mark on the window, as if someone had tried to slide it open. In addition, the victim observed that the window screen was ripped.

The police subsequently showed Quintana a photographic lineup containing six photographs of individuals. Quintana immediately identified defendant as the person he saw carrying the television out of the victim's apartment.

ANALYSIS

After the notice of appeal was filed, this court appointed counsel to represent defendant. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 [87 S.Ct. 1396, 18 L.Ed.2d 493], setting forth a statement of the case, a brief statement of the facts, and identifying two potential arguable issue: (1) whether his custody credits were properly calculated; and (2) whether there was sufficient evidence to support his conviction.

Defendant was offered an opportunity to file a personal supplemental brief, which he has not done. Under *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


HOLLENHORST
Acting P. J.


We concur:


KING
J.


MILLER
J.

4